# United States Court of Appeals for the Fifth Circuit

---

No. 23-50351
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 17, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANGELINA PASCUAL-JUAN,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-782-1

---

Before WIENER, STEWART, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Angelina Pascual-Juan appeals her guilty plea conviction and sentence for illegal reentry after removal in violation of 8 U.S.C. § 1326(a) and (b)(1). She argues that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise applicable statutory maximum established by § 1326(a) through

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

reliance on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. She acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but she seeks to preserve it for possible Supreme Court review. Accordingly, she has filed an unopposed motion for summary disposition.

We have held that subsequent Supreme Court decisions, such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Pascual-Juan is, therefore, correct that her argument is foreclosed. Because her position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," summary disposition is proper. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, Pascual-Juan's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.